# EXHIBIT A

EFiled:  Dec 05 2025 04:22PM EST
Transaction ID 77935619
Case No. N25C-12-076 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VALSOFT CORPORATION INC.,    )
       )
    Plaintiff,    )
       )   C.A. No._____[CCLD]
    v.    )
       )
DEMAND BRIDGE, LLC,    )
       )
    Defendant.    )
       )

## COMPLAINT

Plaintiff, Valsoft Corporation Inc. ("Plaintiff"), by and through its undersigned counsel, brings the following complaint against Defendant Demand Bridge, LLC ("Defendant").  The allegations of the Complaint are based on the knowledge of Plaintiff and on information and belief.

## SUMMARY OF THE ACTION

1.     This is an action for indemnification brought by Plaintiff against Defendant for a breach of certain covenants of an Asset Purchase Agreement by and among Valsoft Corporation, Inc., Aspire USA LLC and Demand Bridge, LLC dated August 31, 2023 (the "APA") detailed herein.

2.     On August 31, 2023, Plaintiff and Defendant entered into the APA, pursuant to which Plaintiff would acquire all of the assets used by the Defendant in its business.  Section 9.2 of the APA contains covenants which require Defendant to indemnify Plaintiff for (a) any breach or inaccuracy of a representation or warranty

1

of Defendant in the APA, (b) any failure by Defendant perform any covenant required to be performed by it pursuant to the APA.

3.    Defendant breached certain representations and warranties in the APA by failing to disclose that a number of the Defendant's customers had indicated, prior to closing, that they would be materially altering or terminating their arrangements. Plaintiff is entitled to indemnification for damages it suffered as a result of Defendant's breaches.

## PARTIES

4.    Plaintiff is a Quebec corporation with its global headquarters at 7405 TransCanada, Suite 100, Montreal, Quebec, Canada H4T 1Z2.

5.    Demand Bridge, LLC, is a Maryland limited liability company headquartered at Cross Keys, 2 Village Square, Suite 220, Baltimore, Maryland 21210.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this pursuant to 10 *Del. C.* § 541.

7.    Defendant consented to personal jurisdiction and venue in this Court. Specifically, Section 10.3 of the APA provides:

> This Agreement shall be interpreted and governed under the laws of the State of Delaware without giving effect to its choice of law provisions. The parties hereby consent to the exclusive jurisdiction of the courts of competent

2

jurisdiction of the State of Delaware in any proceeding hereunder. Any legal or equitable action that arises out of or in connection with (directly or indirectly) this Agreement or the transactions contemplated herein shall be brought in the Court of Chancery of the State of Delaware, and if failing to be brought to such court, then to any federal or state court located within the State of Delaware, and each Party hereby irrevocably waives any right that they have or may have in the future to object to such selection of venue, including, without limitation, an objection based on an assertion that such venue constitutes an inconvenient forum. EACH PARTY HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED ON CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE ANCILLARY AGREEMENTS, THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY, OR THE ACTIONS OF SUCH PARTY IN THE NEGOTIATION, ADMINISTRATION, PERFORMANCE AND ENFORCEMENT HEREOF OR THEREOF.

## FACTS

**A.      The Asset Purchase Agreement and the Promissory Note**

8.      On August 31, 2023, the parties entered the APA whereby Valsoft, through its wholly owned subsidiary Aspire USA LLC, would purchase all of the assets of Defendant's business on the terms set forth therein.  A true and correct copy of the APA is attached hereto as Exhibit A.

9.      Pursuant to Section 4.1 of the APA, the purchase price was $20 million, $18 million of which was paid at closing and $2 million of which was to be paid on the second anniversary of the closing pursuant to the terms of a promissory note.

10.    Defendant agreed to certain representations and warranties in the APA.

Among other things, pursuant to Section 6.11(j) of the APA, Defendant made the

following representation and warranty:

> To the extent not contained in the Due Diligence Materials, Section
> 6.11(j) of the Disclosure Schedule lists the active customers of the
> Business as of the Closing Date.  Seller attests to its Knowledge no
> customer listed thereon intends to cease doing business with Seller or
> to modify or change in any material manner any existing arrangement
> with Seller for the purchase of Customer Offerings. . . .

11.    Pursuant to Section 6.18 of the APA, Defendant also made the

following representation and warranty:

> Section 6.18 of the Disclosure Schedule sets forth (a) a list of the
> Seller's top ten (10) customers (by gross revenue generated from sales
> to such customers) on a combined basis . . ..  Since the Balance Sheet
> Date, Seller has not received any written notice from any customer . . .
> listed in Section 6.18 of the Disclosure Schedule that such customer . .
> . intends to terminate its relationship with the Seller.

12.    Pursuant to Section 9.2 of the APA, Defendant agreed to

indemnify Plaintiff.  Specifically, Section 9.2 of the APA provides:

> Subject to the limitations contained herein, including Section 9.4, Seller shall
> indemnify, hold harmless and defend Purchasers and their Affiliates, and their
> respective directors, officers and employees (collectively, the "Purchaser
> Indemnitees") from and against any Damages (whether or not involving or
> relating to a third party claim or a claim between the Parties) incurred,
> sustained or suffered by any Purchaser Indemnitee, arising from or relating to,
> directly or indirectly, (a) any breach or inaccuracy of a representation or
> warranty of Seller in this Agreement, (b) any failure by Seller to perform any
> covenant required to be performed by it pursuant to this Agreement, (c) any
> Excluded Asset or (d) any Excluded Liability.

13.    Section 9.5 of the APA sets forth the procedures for asserting a direct claim.  Specifically, Section 9.5 of the APA requires an Indemnified Party to give the Indemnifying Party "reasonably prompt written notice" of a direct claim.  Section 9.5 requires that the direct claim be described "in reasonable detail" and "include copies of all material written evidence thereof and . . . indicate the estimated amount, if reasonably practicable" of the damages sustained by the Indemnified Party.

14.    Section 9.7 of the APA provides that the parties' "sole and exclusive remedy with respect to any and all claims . . . shall be pursuant to the indemnification provisions set forth in this Section 9."

15.    Section 9.8 of the APA provides:

> In addition to any other remedies available, the Purchasers shall be entitled to setoff or recoup any amounts due to Purchaser Indemnitees from the Seller for indemnification claims finally resolved in accordance with this Section 9 against any amount otherwise payable by the Purchasers or their Affiliates to the Seller, including, for greater certainty, any amount payable pursuant to Section 4.1 (the "**Set-Off Right**"). For the avoidance of doubt, the Set-Off Right shall be the first source of recovery for indemnification claims finally resolved in accordance with this Section 9. Further, the Set-Off Right shall be the first source of recovery during such time the Note is outstanding (for example, the Note has not been paid in full pursuant to its terms or the amount due thereunder has not been reduced to $0 due to claims made pursuant to this Section 9.8) for indemnification claims finally resolved in accordance with this Section 9.

16.    Section 10.9 of the APA provides that "[i]n any Legal Proceeding brought to enforce this Agreement . . . or to obtain an adjudication, declaratory or

otherwise, of rights hereunder or thereunder, the losing party shall pay to the prevailing party all costs and expenses (including attorneys' fees) that may be incurred by the prevailing party in such action . . . ."

17.    On August 31, 2023, Plaintiff executed a promissory note (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit B.

**B.    Seller Breached Its Representations and Warranties With Respect to Loss of Customers**

18.    After closing, Plaintiff learned that, prior to closing, a number of customers had indicated to Defendant that they would not be renewing their agreements or would be materially altering their arrangements.

19.    Upon information and belief, given the volume of customers who terminated their business with Defendant and the loss of revenue represented by these customers, Amer Mallah, David Rich, and/or Bill Benedict knew that these customers would not be renewing their agreements or would be materially altering their agreements.  Defendant thus had Knowledge (as defined in the APA) that customers listed in Section 6.11(j) of the Disclosure Schedule intended to cease doing business with Defendant or to modify or change in a material manner its existing arrangement with the Defendant.

20.    Defendant's failure to disclose the loss of the clients is a breach of its representations and warranties in Sections 6.11(j) and 6.18 of the APA.

21.     Pursuant to Section 9.5(c) of the APA, Plaintiff sent a written notice of claim to Defendant informing them of their breach and identifying the specific customers who had materially altered or terminated their arrangements.

22.     Defendant rejected Plaintiff's demand.

## COUNT I

### (BREACH OF CONTRACT)

23.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

24.     The APA is a valid and enforceable contract.

25.     Plaintiff has performed all of its contractual obligations and has satisfied any and all preconditions to claim, suit, and recovery.

26.     Defendant breached its representations and warranties under Sections 6.11(j) and 6.18 of the APA by failing to disclose the loss of clients pursuant to Sections 6.11(j) and 6.18 of the APA.

27.     As a direct and proximate result of Defendant's breaches of the APA, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT II

### (INDEMNIFICATION)

28.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

7

29.     Because of Defendant's breaches of its representations and warranties, Defendant is obligated to indemnify Plaintiff for all damages incurred as a result of Defendant's breaches.

30.     Defendant refused and continues to refuse to provide indemnification.

31.     As a direct and proximate result of Defendant's refusal to provide indemnification to Plaintiff, Plaintiff has suffered damages.

## COUNT III

### (DECLARATORY JUDGMENT)

32.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

33.     Plaintiff is entitled to set-off amounts due to it from Defendant for indemnification claims against any amount otherwise payable by Plaintiff.

34.     Plaintiff's set-off right is the first source of recovery for such indemnification claims and during such time as the Note remains outstanding.

35.     Defendant is not entitled to recover on the Note in light of Plaintiff's set-off right.

36.     An actual and justiciable controversy exists between the parties to this action whether Defendant is entitled to recover on the Note.

37.     Accordingly, Plaintiff is entitled to a declaratory judgment pursuant to 10 *Del. C.* § 6501 declaring that Defendant is not entitled to recover on the Note.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendant, and enter an order:

A.    Declaring that Defendant breached Sections 6.11(j) and 6.18 of the APA;

B.    Declaring that Plaintiff is entitled to indemnification from Defendant;

C.    Declaring that Plaintiff is entitled to recover all of its damages suffered as a result of the breaches of the APA, including all costs and expenses associated with litigating this action, including reasonable attorneys' fees;

C.    Declaring that Defendant is not entitled to confession of judgment; and

E.    Granting such other and further relief as this Court may deem just and proper.

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Counsel for Plaintiff*

Date:  December 5, 2025

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Dec 05 2025 04:22PM EST
Transaction ID 77935619
Case No. N25C-12-076 SKR CCLD

COUNTY:    ☒N   K   S        CIVIL ACTION NUMBER: _____

| | |
|---|---|
| Caption:<br><br>VALSOFT CORPORATION INC.,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>DEMAND BRIDGE, LLC,<br><br>　　　　　　　Defendant. | Civil Case Code:  CCLD <br><br>Civil Case Type:  Complex Commercial Litigation Division <br>　　　　(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>MANDATORY NON-BINDING ARBITRATION (MNA) _____<br><br>Name and Status of Party filing document:<br>Plaintiff VALSOFT CORPORATION INC.<br><br>Document Type:(E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br>Complaint<br><br>JURY DEMAND:  YES_____No ___☒___ |

| | |
|---|---|
| ATTORNEY NAME(S):<br>Kelly E. Farnan, Christine D. Haynes<br><br>ATTORNEY ID(S):<br>Farnan – #4395; Haynes - #4697<br><br>FIRM NAME:<br><br> Richards, Layton & Finger, P.A.<br><br>ADDRESS:<br>920 North King Street<br>Wilmington, DE 19801<br><br>TELEPHONE NUMBER:<br>(302) 651-7700<br><br>FAX NUMBER:<br>(302) 498-7701<br><br>E-MAIL ADDRESS:<br>Farnan@RLF.com; Haynes@RLF.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:<br><br>_____<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br><br>_____<br><br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS) INSTRUCTIONS

## CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., **CODE** - **AADM** and **TYPE** - **Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

**APPEALS**
AADM - Administrative Agency
ACER - Certiorari
ACMB - Commission Marijuana Board
ACCP - Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Service Commission
APCA - Purchaser Card JP Court Appeal
AUIB - Unemployment Insurance Appeal Board

**COMPLAINTS**
CABT - Abatement
CASB - Asbestos
CAAA - Auto Arb Appeal
CMIS - Civil Miscellaneous
CACT - Class Action
CCON - Condemnation
CCLD - Complex Commercial Litigation Division **(NCC ONLY)**
CDBT - Debt / Breach of Contract
CDEJ - Declaratory Judgment
CDEF - Defamation
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment
CFRD - Fraud Enforcement
CINT - Interpleader
CLEM - Lemon Law
CLIB - Libel
CMAL - Malpractice
CMED - Medical Malpractice
CPIN - Personal Injury
CPIA - Personal Injury Auto
CPRL - Products Liability
CPRD - Property Damage
CRPV - Replevin
CSPD - Summary Proceedings Dispute
CCCP - Transfer from CCP
CCHA - Transfer from Chancery
CWCC - Wrongful Conviction Compensation

**MASS TORT**
CABI - Abilify Cases
CBEN - Benzene Cases
CDEP - Depo Provera
CFAR - Farxiga Cases
CFIB - FiberCel Cases
CGLP - GLP1 Receptor Agonist
CHON - Honeywell Cases
CMON - Monsanto Cases
COCC - Occidental Chemical Cases
CPEL - Pelvic Mesh Cases
CPLX - Plavix Cases
CPPI - PPI Cases
CPQT - Paraquat Cases
CTAL - Talc Cases
CTAX - Taxotere Cases
CXAR - Xarelto Cases
CZAN - Zantac Cases

**INVOLUNTARY COMMITMENTS**

INVC- Involuntary Commitment

**MISCELLANEOUS**
MAGM - AG Motion - Civil/Criminal Investigations *
MADB - Appeal from Disability Board *
MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON - Civil Contempt/Capias
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MSAM - Compel Satisfaction of Mortgage
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest *
MESP - Excess Sheriff Proceeds
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena
MLEX - Lien Extension
MMAN - Mandamus
MWIT - Material Witness *
MWOT - Material Witness - Out of State
MRAT - Motion for Risk Assessment
MROP - Petition for Return of Property
MCRO - Petition Requesting Order
MROD - Road Resolution
MSEL - Sell Real Estate for Property Tax
MSEM - Set Aside Satisfaction of Mortgage
MSSS - Set Aside Sheriff's Sale
MSET - Structured Settlement
MTAX - Tax Ditches
MREF - Tax Intercept
MLAG - Tax Lagoons
MVAC - Vacate Public Road
MPOS - Writ of Possession
MPRO - Writ of Prohibition

**MORTGAGES**
MCOM - Mortgage Commercial
MMED - Mortgage Mediation
MORT - Mortgage Non-Mediation (Res.)

**MECHANICS LIENS**
LIEN - Mechanics Lien

**\* Not e-Filed**

## DUTY OF THE PLAINTIFF

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file it <u>with</u> the complaint.

## DUTY OF THE DEFENDANT

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file it <u>with</u> the answer and/or first responsive pleading.

EFiled: Dec 05 2025 04:22PM EST
Transaction ID 77935619
Case No. N25C-12-076 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| VALSOFT CORPORATION INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No._____[CCLD] |
| v. | ) | |
| | ) | |
| DEMAND BRIDGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PRAECIPE

TO:    Prothonotary, Superior Court
        Leonard L. Williams Justice Center
        500 North King Street
        Wilmington, DE 19801

PLEASE ISSUE one (1) Summons and copy of the Complaint to Richards, Layton & Finger, P.A. (Plaintiff's counsel) commanding Plaintiff's counsel to summon and direct the above-named Defendant to appear and answer Plaintiff's Complaint filed against it by delivering copies of the aforesaid Complaint and Summons to Defendant Demand Bridge, LLC, via Certified Mail, pursuant to 10 *Del. C.* § 3104 and as provided under the Rules of this Court, at the address listed below:

**Demand Bridge, LLC**
Cross Keys, 2 Village Square, Suite 220,
Baltimore, MD 21210

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Counsel for Plaintiff*

Date:  December 5, 2025

EFiled:  Dec 05 2025 04:22PM EST
Transaction ID 77935619
Case No. N25C-12-076 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| VALSOFT CORPORATION INC., | ) |
| | ) |
| Plaintiff, | ) |
| | )    C.A. No._____[CCLD] |
| v. | ) |
| | ) |
| DEMAND BRIDGE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## SUMMONS

**TO RICHARDS, LAYTON, & FINGER P.A. (PLAINTIFF'S COUNSEL)
YOU ARE COMMANDED:**

To summon the above-named Defendant **Demand Bridge, LLC, Cross Keys, 2 Village Square, Suite 220, Baltimore, MD 21210** so that, within 20 days after service hereof upon Defendant, exclusive of the day of service, Defendant shall serve upon Kelly E. Farnan, Esquire, Plaintiff's attorney, whose address is Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, an Answer to the Complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, and affidavit of defense).

To serve upon the Defendant a copy hereof and of the Complaint.

                            Colleen Redmond_
                            Prothonotary


                            _____
                            Per Deputy

Dated:

RLF1 34314760v.1

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, and affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint.

Colleen Redmond    _
Prothonotary

_____
Per Deputy

**EFiled:  Dec 10 2025 01:38PM EST**
**Transaction ID 77968476**
**Case No. N25C-12-076 SKR CCLD**

EFiled:  Dec 05 2025 04:22PM
Transaction ID 77935619
Case No. N25C-12-076 SKR

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VALSOFT CORPORATION INC.,    )
        )
    Plaintiff,    )
        )    C.A. No._____[CCLD]
    v.    )
        )
DEMAND BRIDGE, LLC,    )
        )
    Defendant.    )
        )

## SUMMONS

**TO RICHARDS, LAYTON, & FINGER P.A. (PLAINTIFF'S COUNSEL)
YOU ARE COMMANDED:**

To summon the above-named Defendant **Demand Bridge, LLC, Cross Keys, 2 Village Square, Suite 220, Baltimore, MD 21210** so that, within 20 days after service hereof upon Defendant, exclusive of the day of service, Defendant shall serve upon Kelly E. Farnan, Esquire, Plaintiff's attorney, whose address is Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, an Answer to the Complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, and affidavit of defense).

To serve upon the Defendant a copy hereof and of the Complaint.

12-18-25

Colleen Redmond
Prothonotary

Per Deputy

RLF1 34314760v.1

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, and affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint.

Colleen Redmond
Prothonotary

Per Deputy